IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RICHARD K. HIGHTOWER,**

    **Plaintiff,**

v.                                                             Civil Action No. 2:24-CV-28
                                                                      (JUDGE KLEEH)

**GRANT COUNTY STATE PLOICE [sic],
JOSHA [sic] ORANDOFF, JOHN G. OURS,
and JAMES CURRIE,**

    **Defendants.**[1]

**REPORT AND RECOMMENDATION, AFTER INITIAL
SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE**

On October 21, 2024, *pro se* Plaintiff Richard K. Hightower ("Plaintiff") filed a Complaint against the above-captioned Defendants. [ECF No. 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In his *pro se* Complaint, Plaintiff lodges scant factual allegations, such that Defendants' supposed actions or omissions are explained in the briefest fashion. The factual allegations are set forth in a single, brief handwritten paragraph that reads only: "working [sic] on false statemen [sic] in my case. they [sic] even gave the one that I was accused of messing with a stuffed animeal [sic] for her to lie because they didn't like me". There is nothing else in the Complaint or in any other

---

[1] The names of the party-defendants in the case caption here are taken from the *pro se* Complaint lodged herein. The undersigned is aware that names of the party-defendants in the case caption may appear to be incomplete and/or misspelled. The undersigned notes this only to the extent it reflects the shortcomings of the *pro se* Complaint.

materials which Plaintiff submitted by which Plaintiff offers any further factual allegations – except that on the civil cover sheet [ECF No. 1-1], in the section for Plaintiff to provide a brief description of the cause of action, he states "false arrest working on false statements." Nowhere does Plaintiff straightforwardly explain any cause of action he wishes to pursue, and he cites no legal authority in support of any cause of action. On the civil cover sheet, Plaintiff did check boxes in the "Nature of Suit" section for "False Claims Act" and "Other Civil Rights." But nowhere in his filings does Plaintiff give any further supporting factual allegations or citations to legal authority to explain how he wishes to purse relief under the False Claims Act or via some civil rights claim.

Additionally, in conjunction with his other filings, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On October 22, 2024, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to

3

state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS OF COMPLAINT

The Complaint [ECF No. 1] provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds entitling him to any relief.

As noted above, Plaintiff's factual allegations are very limited. The brief statement he provides does not explain in any detail which Defendant acted in which alleged manner, and it does not explain in any concrete fashion how Plaintiff was harmed or damaged. Plaintiff seems to take issue with Defendants' alleged conduct in a "case," but he does not explain which case he refers to, what the nature of it is, or even where it is or was pending. And without any context or explanation, Plaintiff attributes some statement to someone (it is not clear exactly who) about a stuffed animal. This statement allegedly was deployed to induce "her" to lie, but there is no explanation about who "her" is, what the nature of the supposed lie was, or about how Plaintiff was harmed or damaged as a result.

Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. To this end:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

4

Fed. R. Civ. P. 8(a).

Nonetheless, even though Rule 8 does not require great particularity, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). As a corollary, of course, legal claims asserted must have a basis in both fact and law. As a neighboring District Court once helpfully summarized:

> [A] district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." Wynn–Bey v. Talley, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). On the contrary, courts have "unhesitatingly dismissed actions where the complaint:
> 
> - consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension," Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973);
> - was "confusing, ambiguous, redundant, vague and, in some respects, unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966);
> - was "so verbose, confused and redundant that its true substance, if any, is well disguised," Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965);
> - contained "a completely unintelligible statement of argumentative fact," Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968), with "little more than demands, charges, and conclusions," Burton v. Peartree, 326 F.Supp. 755, 758 (E.D. Pa. 1971);

5

- represented "circuitous diatribes far removed from the heart of the claim," Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); or
- set forth "a meandering, disorganized, prolix narrative," Karlinsky v. New York Racing Association, Inc., 310 F.Supp. 937, 939 (S.D.N.Y. 1970).

Jianqing Wu v. TrustPoint Int'l, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (formatting altered) (quoting Brown, 75 F.R.D. at 499 (dismissing complaint that was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and that "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments")).

Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017).

In the instant matter, the factual allegations and legal bases for any possible theory of relief are similarly incoherent. The Court cannot discern how the brief factual statement is tied to any conceivable cause of action. As noted above, the only discernable citations to legal authority are the checked boxes on the civil cover sheet. The precise constitutional provision, statute, regulation, policy, or other authority on which Plaintiff relies is a total mystery. As such, the legal claims – and the bases to support the claims – are not discernible. For that reason alone, the Complaint utterly fails under Rule 8.

As such, the undersigned **FINDS** that Plaintiff sets forth no cognizable claims, and as such, fails to state a claim upon which relief can be granted.

### IV. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendants giving rise to cognizable legal claims, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

## V. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's corresponding motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: October 23, 2024.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE